UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL YOUNG<br>1913 Greendale Avenue<br>Findlay, Ohio 45840<br><br>and<br><br>DONNA MIRANDA<br>314 Edith Avenue<br>Findlay, Ohio 45840<br><br>    Plaintiffs,<br><br>    vs.<br><br>EXEL, INC. d/b/a DHL SUPPLY CHAIN<br>360 Westar Boulevard<br>Westerville, Ohio 43082<br><br>c/o STATUTORY AGENT<br>CT Corporation System<br>4400 Easton Commons Way, Ste. 125<br>Columbus, Ohio 43219<br><br>    Defendant. | CASE NO.<br><br>JUDGE:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Now come MICHAEL YOUNG and DONNA MIRANDA ("Plaintiffs"), on their own behalf and on behalf of all others similarly situated, by and through counsel, and against Defendant Exel, Inc. d/b/a DHL Supply Chain ("Defendant" or "Exel"), state and allege the following:

## INTRODUCTION

1. Congress enacted the Fair Labor Standards Act ("FLSA") to remedy working conditions "detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. This is an action brought pursuant to the FLSA, 29 U.S.C. § 216(b), by Plaintiffs on their own behalf and on behalf of other similarly situated employees.

3. Plaintiffs were employees of Defendant and bring this action for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, et seq.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction pursuant 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and Division, and a substantial part of the events and omissions giving rise to these claims occurred in this District and Division.

## PARTIES

6. At all times relevant herein, Plaintiffs were citizens of the United States and residents of Ohio who were employed by Defendant at its facility in Findlay, Ohio, within the two years preceding the filing of this lawsuit.

7. At all times relevant herein Defendant maintained operations and employed Plaintiffs within this Judicial District.

8. At all times relevant herein, Defendant conducted business within this Judicial District.

9. At all times relevant herein, Defendant was Plaintiffs' employer within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

13. The Plaintiffs in this action, while employed by Defendant, have been "employees" within the meaning of 29 U.S.C. section 203(e)(1) within the last three years and, thus, are entitled to the rights, protections, and benefits provided under the FLSA.

14. Plaintiffs and other similarly situated employees were employees of Defendant who were non-exempt from the FLSA's overtime requirements and have incurred some overtime during the time period in question.

15. Plaintiffs and other similarly situated employees worked hours above the applicable FLSA threshold and in excess of their regularly scheduled hours, resulting in additional overtime pay obligations for Defendant.

16. Plaintiffs and other similarly situated employees also worked hours above their respective FLSA work period thresholds as part of their regular schedules, resulting in overtime pay obligations for the Defendant.

17. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The burden is on an employer to demonstrate that a payment is excludable from the regular rate.

18. In addition to the hourly wages for regularly scheduled hours, Defendant provided Plaintiffs and other similarly situated employees with additional compensation including, but not limited to, shift differentials for taking shifts at certain undesirable time frames. While U.S.C. section 207(e)(2) allows employers to exclude certain payments from the "regular rate" of pay, the shift differentials paid by Defendant do not qualify for such exclusion.

19. In violation of the FLSA, Defendant willfully excluded shift differential compensation from Plaintiffs' and similarly situated employees' regular rate in connection with the computation of the amount of overtime compensation due to Plaintiffs and the similarly situated employees.

20. Plaintiffs and other similarly situated employees worked overtime subject to the shift differential compensation, which was not included in their overtime compensation calculation.

21. Defendant's past and current practice of computing overtime has impermissibly reduced the amount paid to Plaintiffs and other similarly situated employees by failing to compute all statutorily required amounts into the "regular rate" of pay as defined by 29 U.S.C. section 207(e).

22. At all times material herein, Defendant's practices did not include all of the required additional compensation in the calculation of the "regular rate" of pay for Plaintiffs and other similarly situated employees for the purposes of determining overtime compensation as required by the FLSA. Defendant has thus failed to appropriately calculate the applicable

"regular rate" and to pay Plaintiffs and similarly situated employees the required premium overtime rates for all hours of overtime they worked.

23. At all times relevant hereto, Defendant and its agents and/or representatives were aware of their obligations to properly compute and use the correct "regular rate" of pay in calculating overtime compensation owed to Plaintiffs and other similarly situated employees.

24. Plaintiffs are informed and believe, and thereon allege, that Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to exclude remunerations from the calculation of Plaintiffs' and other similarly situated employees' "regular rate" of pay.

25. Defendant's continuing failure to properly compensate Plaintiffs and other similarly situated employees is not in good faith and is a willful violation of the FLSA.

26. As a result of the foregoing violations of FLSA, Plaintiffs and the other similarly situated employees seek damages for unpaid overtime, interest thereon, liquidated damages, costs of suit and reasonable attorney fees pursuant to 29 U.S.C. section 216(b).

## COUNT ONE
**(Fair Labor Standards Act Violations)**

27. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

28. Plaintiffs brings Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

29. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are a member, is composed of and defined as follows:

>All former and current employees employed at the Findlay Plant by Exel, Inc. and who were paid on an hourly basis and paid a shift differential at any time between July 29, 2019, and the present.

30. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 50 persons.

31. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own interests in bringing this action.

32. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll and employee records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

33. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

34. At all times material herein, Plaintiffs and other similarly situated employees have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

35. Defendant's compensation plan with respect to the exclusion of shift differential pay from the calculation of overtime compensation, and the policy related thereto, is illegal.

36. During the times where Plaintiffs and other similarly situated employees have worked hours in excess of their regular schedules, they have been entitled to overtime compensation at a rate of one and one-half times their regular rate of pay for each additional hour or fraction thereof worked. 29 U.S.C. § 207; 29 C.F.R. § 553.230.

37. The "regular rate" of pay from which the premium overtime rate of pay for Plaintiffs and other similarly situated employees is derived must include "all remuneration for employment." 29 U.S.C. § 207(e). Such remuneration includes not only Plaintiffs' and other similarly situated employees' agreed hourly rates, but also pay premiums including, but not limited to, shift differentials for taking undesirable shifts.

38. At all times material herein, Defendant has failed and refused to provide Plaintiffs and other similarly situated employees with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include such remuneration in calculating the regular rate.

39. Defendant's refusal to provide overtime pay at the proper rate to Plaintiffs and other similarly situated employees for the hours they have worked in excess of their regular schedules wrongly deprives Plaintiffs and other similarly situated employees of the FLSA overtime compensation that is due to them at times material herein.

40. At all relevant times, Defendant has been aware of the provisions of the FLSA. Defendant's actions and omissions as alleged herein were knowing, willful, bad faith, and reckless violations of 29 U.S.C. §207 within the meaning of 29 U.S.C. § 255(a).

41. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and other similarly situated employees for which Defendant is liable pursuant to 29 U.S.C. § 216(b) and 255, together with

an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

42. The employment and work records for Plaintiffs and other similarly situated employees are in the exclusive possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amounts owing to them and the putative opt-in plaintiffs. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

43. As a result of its unlawful failure to pay overtime compensation, Defendant failed to pay Plaintiffs and other similarly situated employees at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked, in violation of 29 U.S.C.§ 207 and other provisions of the FLSA and regulations thereunder.

44. As a result of Defendant's practices and policies, Plaintiffs and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

45. Plaintiffs and other similarly situated employees are entitled to back overtime compensation using the default method of calculating overtime at one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek.

46. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the other similarly situated employees they represent actual damages for unpaid wages and overtime compensation;

D. Award Plaintiffs and the other similarly situated employees they represent liquidated damages in an amount equal to the unpaid wages and overtime compensation found due;

E. Award Plaintiffs and the other similarly situated employees they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the other similarly situated employees they represent attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs and the other similarly situated employees they represent further and additional relief as this Court deems just and proper.

Date:   July 29, 2022                Respectfully submitted,

By: /s/ *Jason R. Bristol*
Jason R. Bristol (OH #0072989)
jbristol@crklaw.com
COHEN ROSENTHAL & KRAMER LLP
3208 Clinton Avenue
Cleveland, Ohio 44113
(216) 815-9500 (Tel. and Fax)

/s/ *J.R. Howell*
J.R. Howell (OH #0080926)
jrhowell@jrhlegalstrategies.com
LAW OFFICE OF J.R. HOWELL
1223 Wilshire Boulevard
P.O. Box 543
Santa Monica, CA 90403
Phone: (202) 650-8867

*Attorneys for Plaintiffs and the Proposed Class*

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all eligible claims and issues.

                                              /s/ Jason R. Bristol